# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WICKERSHAM CONSTRUCTION & ENGINEERING, INC. | * * * | |
| v. | * * | Civil Action No. CCB-16-4087 |
| THE TOWN OF SUDLERSVILLE, MARYLAND | * * | |

## MEMORANDUM

Pending before the court is the plaintiff's motion for partial summary judgment. On June 6, 2019, the court heard oral argument in this matter. For the reasons stated below, the court will deny the motion.

## FACTUAL AND PROCEDURAL HISTORY

This case involves a prolonged contractual dispute between plaintiff Wickersham Construction and Engineering ("Wickersham") and defendant the Town of Sudlersville, Maryland ("Sudlersville"). The parties have been engaged in a years-long disagreement regarding Wickersham's construction of an updated wastewater treatment system for Sudlersville, and the court will recite only the relevant portions of the parties' history here.

Sudlersville is a town located on the Eastern Shore of Maryland. Populated by approximately 560 residents, Sudlersville is a small, quiet community with two town employees and an annual budget under $400,000.00. Ex. 8, ECF 42-8 at ¶¶ 2–3. Elizabeth Manning, Sudlersville's town administrator, manages much of the town's affairs by working two days a week from 9:30 a.m. until 5:00 p.m. and another partial day each week from 1:00 p.m. until 5:00 p.m. Ex. 1, ECF 63-2 at p. 3.

By virtue of its proximity to the Chesapeake Bay, Sudlersville was required to update its wastewater treatment system. Unable to afford the approximately $8,000,000.00 update on its

own, the town received significant grant funding from the federal and state government to enable Sudlersville to finance the project. The sources of the grant funding included the U.S. Department of Agriculture ("USDA") and the Maryland Department of the Environment ("MDE"). Ex. 1, ECF 63-2 at p. 4.

On July 18, 2014, the parties entered into a contract for the installation and construction of the updated wastewater treatment system. The contract is comprised of three separate documents: the form of agreement, Ex. 2, ECF 56-4, the standard general conditions, Ex. 3, ECF 56-5, and the supplementary conditions, Ex. 4, ECF 56-6. The supplementary conditions note that the USDA financed the project in whole or in part, and that the USDA had to approve all payment applications prior to payment being made. Ex. 4, ECF 56-6 at ¶¶ SC-101.A.2, SC-101.A.3.

The contract was based on a form contract that USDA provided to the parties, but a boilerplate paragraph requiring interest for late payments was excluded from the final agreement. *See* Ex. 2, ECF 56-4 at p. 4; Angela Tilghman Dep., Ex. 2, ECF 63-3 at p. 3. The USDA and the MDE were not parties to the contract and were not involved in its drafting, although the contract acknowledged explicitly that the USDA funded the project. Ex. 4, ECF 56-6 at ¶ SC-1.01.A.2. The contract specified that it is to be governed by Maryland law. Ex. 3, ECF 56-5 at ¶ 17.05. The parties do not dispute that this contract is valid and enforceable.

The contract obligated Sudlersville to pay Wickersham for its construction services, and payments essentially were due twenty days after Wickersham submitted the request for payment, referred to as the "payment application."[1] Ex. 3, ECF 56-5 at ¶ 14.02. The contract provided for

---

[1] The parties' construction contract states that:

> Engineer will, within 10 days after receipt of each Application for Payment, either indicate in writing a recommendation of payment and present to [sic] Application to Owner or return the Application to Contractor indicating in writing Engineer's reasons for refusing

twenty such payment applications. At the time of oral argument, all of the payment applications except payments nineteen and twenty, totaling approximately $125,000.00, had been satisfied, and the outstanding payments form the center of the parties' dispute.[2]

Neither party disputed that every submitted payment application was paid after the 20-day period. Ms. Manning claimed that, due to the grant funding of the project, she would complete payment requests immediately after receiving approval of the requests and the related funds from MDE or USDA, with KCI's certification. Ex. 1, ECF 63-2 at p. 12. Despite the payment schedule outlined in the contract, no payments were satisfied on time, and most were paid significantly after the expiration of the 20-day period. Ex. 7, ECF 56-9 at pp. 1–2.

After the first eight payments were paid late, and with payments nine and ten past due, Wickersham notified Sudlersville on or about September 9, 2015, that it was considering suspending work on the project. Ex. 8, ECF 56-10. On September 22, 2015, Wickersham suspended work. Ex. 9, ECF 56-11. In an attempt to rectify the problems regarding its payments, Sudlersville then obtained separate financing from Shore National Bank to serve as an intermediary source of funds while the USDA reviewed payment applications. In addition to the notices regarding suspension, Wickersham sent Sudlersville at least one letter regarding the

---

> to recommend payment. In the latter case, Contractor may make the necessary corrections and resubmit the Application.

Standard General Conditions, Ex. 3, ECF 56-5 at ¶ 14.02B1. Further, the contract provides that "[t]en days after presentation of the Application for Payment to Owner with Engineer's recommendation, the amount recommended will (subject to the provisions of Paragraph 14.02D) become due, and when due will be paid by Owner to Contractor," resulting in the 20-day period noted above. *Id.* at ¶ 14.02C1.

[2] During the June 6, 2019, hearing, Wickersham clarified that, in providing information about how each of the eighteen completed payments were paid late, it was attempting to illustrate the history between the parties rather than asserting a claim for breach of contract based on those late payments. It is unclear how much of the total damages requested in the amended complaint reflect damages incurred solely due to outstanding payments nineteen and twenty, but the court need not resolve the issue at this time, given that Wickersham has requested summary judgment solely on the issue of liability rather than liability and damages.

delayed payments. Ex. 4, ECF 63-5. On March 7, 2016, Wickersham resumed work on the project following assurances from Sudlersville that it would make payments on time due to its separate financing through Shore National Bank. Ex. 1, ECF 56-2 at ¶¶ 8–9.

Wickersham claimed that it reached substantial completion on the project no later than November 3, 2016, Ex. 5, ECF 56-7 at p. 3, and that it therefore terminated the project on September 19, 2017, Ex. 13, ECF 56-15 at p. 1. During the June 6 hearing, Wickersham asserted that the plant's upgrades have operated in compliance with the project's terms for three years. As a result, Wickersham claimed that it has long been owed payments nineteen and twenty, and that Sudlersville's failure to complete these payments constituted breach of contract.

Sudlersville disputed Wickersham's claim, asserting that, while the plant was operational throughout the project's construction, the project remains open under the terms of the contract due to Wickersham's failure to satisfy certain conditions precedent to termination of the contract. This, Sudlersville claimed, insulated it from liability for failure to complete the final two payment applications, as its payment obligation could not be triggered absent completion of those conditions precedent. Additionally, Sudlersville noted that it had not, at the time of the June 6 hearing, received approval of those payment applications from either USDA or KCI, precluding it from completing the payment applications pursuant to the contract's terms.

Wickersham initiated suit on December 23, 2016, and filed its amended complaint on January 1, 2018, after the parties were unable to reach an agreement in mediation. Following oral argument in this matter on June 6, 2019, the court now will deny the motion for partial summary judgment for the reasons set forth below.

4

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## ANALYSIS

Ultimately, the court concludes that a genuine dispute regarding an issue of material fact exists, and for that reason it will deny Wickersham's motion for partial summary judgment. As noted above, the parties agree that Sudlersville has yet to complete payment applications nineteen and twenty, which are owed upon completion of the final inspection. At the nucleus of the parties' dispute are the questions of whether the project was ever completed, and what level of completion

5

would trigger Sudlersville's obligations to complete payment applications nineteen and twenty.

Included in the contract between Wickersham and Sudlersville were the requirements that, prior to Sudlersville's final payment becoming due: (1) Wickersham and Sudlersville would participate in a final inspection of the plant with KCI; (2) KCI would issue its approval of the project's completion; (3) Wickersham would submit its final payment application to KCI; and (4) KCI would, upon its approval of the payment application, send the payment application to Sudlersville for payment.

During the June 6 hearing, Sudlersville claimed that these requirements are conditions precedent to its obligation to complete payment applications nineteen and twenty, and they had not been satisfied at the time of the hearing. Wickersham, in turn, claimed that Sudlersville's invocation of the conditions precedent defense was merely a semantic attempt to disclaim its payment obligations, and that such requirements were standard in construction contracts and understood to have no effect on a contractee's obligation to submit payments to a contractor.

"A breach of contract is a failure without legal excuse to perform any promise which forms the whole or part of a contract." *Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*, 694 F. Supp. 2d 449, 455 (D. Md. 2010) (internal citation and quotation marks omitted). Under Maryland law, "[a] condition precedent in a contract is a fact, other than mere lapse of time, which, unless excused, must exist or occur before a duty of immediate performance of a promise arises." *Chevron U.S.A. Inc. v. Apex Oil Co., Inc.*, 113 F. Supp. 3d 807, 821 (D. Md. 2015) (citing *Chirichella v. Erwin*, 270 Md. 178, 182 (1973)) (internal quotation marks omitted); *Corsair*, 694 F. Supp. 2d at 455. Further, "a party suing on the contract must first prove his own performance, or an excuse for nonperformance, in order to recover for any breach by the opposing party." *White Marlin Open, Inc. v. Heasley*, 262 F. Supp. 3d 228, 253 (D. Md. 2017) (internal citation and

quotation marks omitted). "It is fundamental that where a contractual duty is subject to a condition precedent, whether express or implied, there is no duty of performance and there can be no breach by nonperformance until the condition precedent is either performed or excused." *Id.* (internal citation and quotation marks omitted); *see also Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 103 (4th Cir. 2013).

The parties' contract appears to establish several conditions precedent for Sudlersville's obligation to complete its final payment. The final inspection, KCI's approval of such an inspection, Wickersham's submission of the payment application to KCI, and KCI's submission of the payment application to Sudlersville for payment all constitute facts, other than mere lapses in time, which must occur before Sudlersville is required to make its final payment. Sudlersville, as it noted during the June 6 hearing, cannot complete a payment application it has not received from KCI, and KCI's approval of the final inspection is required for approval of the payment application. Also, the contract required the USDA to approve certain payment applications prior to payment, something that Sudlersville claimed has not happened, as evidenced by the fact that Sudlersville had not received the payment applications at the time of the hearing. On the other hand, if Wickersham has a valid claim for payment, it should not be arbitrarily defeated by an unreasonable failure to approve that payment.

Despite Wickersham's claim that Sudlersville's request for adherence to the conditions precedent is semantic, there remain genuine disputes regarding whether there was any understanding between the parties that KCI's approval was not required to complete payment applications nineteen and twenty. Additionally, there is a genuine dispute of material fact regarding why KCI has not approved the final payments.[3] Furthermore, Wickersham's claim that

---

[3] Beyond the parties' dispute regarding why KCI has not approved the final payment applications, Wickersham also claims that it is entitled to interest for these payments despite the omission of the

7

the plant has operated according to USDA and MDE's standards for three years now is not dispositive, as the contract appears to require more than for the plant's updates to be operational to trigger Sudlersville's obligation to complete final payment.

Accordingly, multiple disputes remain about the extent of liability on the part of Sudlersville to Wickersham, as well as any damages that might follow. These issues can best be resolved on a full factual record following a bench trial. The motion for partial summary judgment will therefore be denied.

## CONCLUSION

For the foregoing reasons, the court will deny Wickersham's motion for partial summary judgment. Counsel will be contacted to set a trial date. A separate order follows.

_____8/23/19_____        _____/s/ CCB_____
Date                                                      Catherine C. Blake
                                                                       United States District Judge

---

boilerplate language regarding interest for late payments from the parties' contract, noted *supra*, considerably increasing the disputed amount owed.